**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 2 1999**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EVERETT PHILLIPS,

      Petitioner-Appellant,

v.

JAMES FERGUSON, Warden,
Wyoming Department of Corrections
State Penitentiary; WYOMING
ATTORNEY GENERAL,

      Respondents-Appellees.

No. 97-8119

---

**Appeal from the United States District Court**
**for the District of Wyoming**
**(D.C. No. 97-CV-095)**

---

Clifford J. Barnard, Boulder, Colorado, for Petitioner-Appellant.

Hugh L. Kenny, Senior Assistant Attorney General (William U. Hill, Attorney General, with him on the brief) Cheyenne, Wyoming, for Respondents-Appellees.

---

Before **EBEL** and **BRISCOE**, Circuit Judges, and **MARTEN**,[*] District Judge.

---

**EBEL**, Circuit Judge.

---

[*] Honorable J. Thomas Marten, District Court Judge, United States District Court for the District of Kansas, sitting by designation.

Habeas Petitioner-Appellant Everett Phillips asks this Court to find unconstitutional under the Equal Protection Clause Wyoming's five-year statute of limitations on filing a petition for post-conviction relief. Phillips also appeals the district court's denial of his pro se motion for a continuance to file a surrebuttal. We grant Phillips' application for a certificate of appealability on both issues; we grant Phillips' Motion for Leave to Supplement Record on Appeal; and we affirm the district court.

## I. BACKGROUND

In 1987, Everrett Phillips was convicted and sentenced for kidnaping and first-degree sexual assault. The Wyoming Supreme Court overturned his convictions on the ground that the state violated Phillips' right to a speedy trial. See Phillips v. State, 774 P.2d 118 (Wyo. 1989). Phillips was subsequently indicted on conspiracy to kidnap and commit first-degree sexual assault. On February 21, 1990, a jury convicted Phillips of those conspiracy charges. See Phillips v. State, 835 P.2d 1062, 1066 (Wyo. 1992). His motion for a new trial was denied, and, on April 10, 1990, a Wyoming district court judge entered judgment on the conviction and sentenced Phillips to twenty to thirty years in the state penitentiary. Phillips appealed his conspiracy convictions to the Wyoming Supreme Court. On June 11, 1992, the Wyoming Supreme Court affirmed

Phillips' conviction, see id. at 1074, and on July 9, 1992, the court issued a mandate of affirmance.

Three years later, Phillips timely filed in the Third District Court for Wyoming a state petition for a writ of habeas corpus (which is a different remedial process than a Wyoming post-conviction petition). The district court dismissed the petition in November 1995 for failing to challenge the jurisdiction of the sentencing court, which is the only ground upon which Wyoming habeas writs may be issued. See Parkhurst v. Shillinger, 128 F.3d 1366, 1367 n.2 (10th Cir. 1997); see also Wyo. Stat. Ann. § 1-27-125.[1] On May 2, 1997, the Wyoming Supreme Court rejected Phillips' appeal.[2]

Meanwhile, in March 1997 – nearly seven years after the Wyoming trial court convicted and sentenced Phillips, and over four-and-one-half years after the Wyoming Supreme Court's affirmed the conviction on direct appeal – Phillips

---

[1] Wyo. Stat. Ann. § 1-27-125 provides:

> **Certain proceedings not reviewable.**
> Habeas corpus is not permissible to question the correctness of the action of a grand jury in finding a bill of indictment, or a petit jury in the trial of a cause nor of a court or judge when acting within their jurisdiction and in a lawful manner.

[2] The Wyoming Supreme Court denied Phillips' state habeas writ because he failed "to raise any colorable question with respect to the legality of his restraint or the jurisdiction of the district court to enter the particular judgment and sentence underlying said restraint."

filed a post-conviction petition in a Wyoming district court. Phillips' post-conviction petition asserted only an ineffective assistance of appellate counsel claim.[3]

Wyoming requires all post-conviction petitions to be filed no more than five years after the "judgment of conviction was entered." Wyo. Stat. Ann. § 7-14-103(d). The state moved to dismiss Phillips' post-conviction claim as untimely, arguing that the phrase "judgment of conviction" means the judgment as entered by the district court. Phillips contended that the phrase "judgment of conviction" means the date the Wyoming Supreme Court issues the mandate of affirmance. Phillips argued that to read "judgment of conviction" to mean the date judgment is entered by the district court judge would place § 7-14-103(d) in violation of the Equal Protection Clause of the Fourteenth Amendment because "similarly situated defendants" would be treated "unequally because the Wyoming Supreme Court takes different amounts of time to decide appeals." The Wyoming Supreme Court, for example, could take more than five years to decide one defendant's case, thereby precluding any post-conviction review of an ineffective

---

[3] The post-conviction petition also asked permission to amend the initial petition to include a <u>Brady v. Maryland</u> claim <u>if</u> after an evidentiary hearing the Court found no ineffective assistance and excused counsel's performance because the state had wrongfully withheld evidence from the defendant. The court never granted the antecedent evidentiary hearing for the ineffective assistance claim nor made such an antecedent finding.

- 4 -

assistance of appellate counsel claim, yet decide another defendant's appeal within one year, comfortably allowing time for a post-conviction petition. The Wyoming district court adopted the state's position and held that the phrase "judgment of conviction" means the date the district court judge enters judgment and not the date the Wyoming Supreme Court issues a mandate of affirmance. Phillips' petition for post-conviction relief was accordingly dismissed as untimely. The Wyoming Supreme Court rejected Phillips' petition for writ of review on the matter.

On April 22, 1997, Phillips, with the assistance of counsel, filed a § 2254 federal habeas petition in the United States District Court for the District of Wyoming raising several issues, including ineffective assistance of appellate counsel. The state moved to dismiss the federal habeas petition in its entirety on the ground that all of Phillips' claims were procedurally defaulted in state court pursuant to Wyoming's independent and adequate post-conviction statute of limitations. Following regularly scheduled briefing, on October 24, 1997, Phillips filed a pro se "Motion for Extension of Time" to file a pro se rebuttal to the state's reply. On November 3, 1997, the district court denied Phillips' writ of habeas corpus, finding that Phillips had procedurally defaulted his claims in state court and that review of the record demonstrated that he could not, as a matter of law, show "cause and prejudice" to excuse the default, nor did petitioner make a

"colorable showing of factual innocence." The court also denied Phillips'

"Motion for Extension of Time" without comment. This appeal followed.

## II. STANDARDS OF REVIEW

This Court has jurisdiction based on 28 U.S.C. § 2253, which permits review of final decisions made by United States District Courts in habeas proceedings. In a federal habeas corpus action brought by a state prisoner, we review de novo the legal conclusions of the district court. See Davis v. Executive Dir. of Dep't of Corrections, 100 F.3d 750, 756 (10th Cir. 1996). Questions of whether state post-conviction procedures may be challenged as unconstitutional in a § 2254 action, and, if so, whether Wyoming's post-conviction procedures are constitutional are pure questions of law that appellate courts review de novo. Earnest v. Dorsey , 87 F.3d 1123, 1128 (10th Cir. 1996).

## III. DISCUSSION

A. Federal Habeas Review of Constitutional Challenges to State Collateral Review Procedures

As a preliminary matter, we must decide whether challenges to the constitutionality of state post-conviction procedures are cognizable in federal habeas corpus. The federal courts on habeas review cannot strike down as unconstitutional a state post-conviction procedural rule. See Sellers v. Ward, 135

F.3d 1333, 1339 (10th Cir.) (when petitioner asserts no constitutional trial error, but only error in the state post-conviction procedure, no relief can be granted in federal habeas corpus), cert. denied, 119 S. Ct. 557 (1998); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993); Hopkinson v. Shillinger, 866 F.2d 1185, 1218-19, reh'g granted on other grounds, 888 F.2d 1286 (10th Cir. 1989) (en banc), overruled on other grounds by Sawyer v. Smith, 497 U.S. 227 (1990). However, although the federal courts are unable to strike down state collateral-review procedural rules in a habeas corpus action, federal courts are not precluded from considering the adequacy of a state's collateral-review process in the context of a federal habeas challenge to an underlying state conviction. In that context, if the state asserts its post-conviction procedural rules as an independent and adequate state procedural bar, the federal courts are required to consider the adequacy of the state's post-conviction procedural remedy. And, if it is determined that the state post-conviction procedure is unconstitutional, then such procedures would not, in most instances, be regarded as an adequate state procedural bar to habeas consideration of the underlying conviction. See Klobuchir v. Commonwealth of Pennsylvania, 639 F.2d 966, 971 n.13 (3d Cir. 1991) ("To constitute an adequate and independent state ground, the [Pennsylvania Supreme Court's] interpretation of [the Pennsylvania Rules of Criminal and Appellate Procedure] had to be constitutionally sound . . ."); see also Nguyen v. Reynolds, 131 F.3d 1340, 1346

(10th Cir. 1997) (state procedural rule cannot bar a petitioner from raising a substantive due process claim of incompetence in a collateral proceeding), <u>cert. denied</u>, 119 S. Ct. 128 (1998); <u>Sena v. New Mexico State Prison</u>, 109 F.3d 652, 654 (10th Cir. 1997) (same); <u>Reynolds v. Berry</u>, 146 F.3d 345, 347 (6th Cir. 1998) ("The adequacy of the state ground is determined by examining the state's legitimate interests in the procedural rule in light of the federal interest in considering federal claims."); <u>Smart v. Scully</u>, 787 F.2d 816, 819-20 (2d Cir. 1986) (state court's procedurally based ruling is inadequate where "the state has no substantial or legitimate interest" in the procedural rule); <u>Spencer v. Kemp</u>, 781 F.2d 1458, 1470 (11th Cir. 1986) (en banc) ("It is a dominant theme of the Supreme Court case law . . . that a federal habeas petitioner shall not be denied federal review of a federal constitutional claim on the basis of an asserted procedural ground that is manifestly unfair in its treatment of that claim."); <u>Johnson v. Muncy</u>, 830 F.2d 508, 512-14 (4th Cir. 1987) (same);[4] <u>cf.</u> <u>Reece v. Georgia</u>, 350 U.S. 85, 89-90 (1955) (consistently followed Georgia procedural

---

    [4] <u>See also</u> <u>English v. Cody</u>, 146 F.2d 1257, 1261 (10th Cir. 1998) (recognizing "the constitutional imperative that this court disregard a state procedural bar for the review of ineffective assistance claims unless the state procedure in question adequately protects a criminal defendant's ability to vindicate his or her constitutional right to the effective assistance of counsel") (interpreting <u>Kimmelman v. Morrison</u>, 477 U.S. 365 (1986); <u>Osborn v. Shillinger</u>, 861 F.2d 612 (10th Cir. 1988); <u>Brecheen v. Reynolds</u>, 41 F.3d 1343 (10th Cir. 1994)).

rule that required defendant to challenge the racial composition of the grand jury before indictment did not foreclose federal review of that issue because the rule violated due process) (direct review case).[5]

Accordingly, Phillips' equal protection challenge to Wyoming's post-conviction statute of limitations, insofar as it bears on the state's assertion of an adequate state procedural bar, is a cognizable claim in federal habeas.

## B. The "Adequacy" of Wyo. Stat. Ann. § 7-14-103(d)

Although this court on federal habeas may consider a constitutional challenge to Wyoming's collateral-review statute of limitations in order to assess its adequacy, we hold Wyo. Stat. Ann. § 7-14-103(d) to be an "adequate" state procedural rule.

Statutes of limitations carry a strong presumption of constitutionality. Brubaker v. Cavanaugh, 741 F.2d 318, 321 (10th Cir. 1984). Phillips, however, argues that Wyoming's statute of limitations for post-conviction review violates the Equal Protection Clause because the statute allegedly (1) burdens the "fundamental right of state prisoners to raise an ineffective assistance of appellate

---

[5] "Adequacy" determinations in direct review cases are relevant in determining "adequacy" in federal habeas cases, see Harris v. Reed, 489 U.S. 255, 262 (1989), even though the basis for employing the doctrines in both contexts is not identical, see Coleman v. Thompson, 501 U.S. 722, 729-31 (1991).

counsel claim" and is not narrowly tailored, and (2) is unequal as applied.  We find neither of these arguments persuasive.

While there is a fundamental right to effective assistance of appellate counsel on a defendant's first appeal as of right, see Evitts v. Lucey, 469 U.S. 387, 397 (1985), Phillips has failed to cite any case law, nor have we found any, establishing a fundamental right to raise an ineffective assistance of appellate counsel claim on state post-conviction review.  Even assuming, arguendo, such a fundamental right exists, the Wyoming statute of limitations imposes no impermissible burden.  Under Wyo. Stat. Ann. § 7-14-103(d), Phillips had four and one-half years after the Wyoming Supreme Court affirmed his conviction to file a post-conviction appeal.  Four and one-half years is ample time for Phillips to obtain new counsel (which he did) for collateral review in order to pursue an ineffective assistance of appellate counsel claim.  Cf. Jackson v. Shanks, 143 F.3d 1313, 1319 (10th Cir.) (finding meaningful review of an ineffective assistance claim denied where the criminal defendant had no "opportunity to consult with new counsel to ascertain whether counsel in his direct criminal proceedings performed adequately or develop facts relating to his counsel's performance"), cert. denied, 119 S. Ct. 378 (1998).  Four and one-half years is also ample time for collateral review counsel to recognize appellate counsel's errors and evaluate appellate counsel's professional performance.

- 10 -

We also reject Phillips' claim that the application of Wyoming's law denies him the equal protection of law. The Wyoming statute of limitations applies equally to all Wyoming defendants. No post-conviction petition can be filed by any Wyoming defendant five years after the district court enters judgment of a conviction. Phillips objects to this conclusion by citing to other states' post-conviction statute of limitations, but the fact that other states have other post-conviction statutes of limitations for their prisoners does not render Wyoming's law unequal as applied to its own prisoners. In sum, the Wyoming post-conviction statute of limitations does not violate the Equal Protection Clause, and the state has relied upon an adequate state ground to establish Phillips' procedural default.

Phillips argues in the alternative that his state procedural default should be excused to prevent a fundamental miscarriage of justice. However, the fundamental miscarriage of justice exception is an "extremely narrow exception, implicated only in 'an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Ballinger v. Kerby, 3 F.3d 1371, 1375 (10th Cir. 1993) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). To prevail, Phillips must identify evidence that affirmatively demonstrates his innocence. See Schlup v. Delo, 513 U.S. 298, 327 (1995). A criminal defendant is required to provide evidence that does more than simply

"undermine the finding of guilt against" him or her.  Ballinger, 3 F.3d at 1375.

After carefully reviewing the record, we conclude that Phillips has not presented us with evidence of actual innocence establishing that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence," Schlup, 513 U.S. at 327, particularly given testimony by the victim that details Phillips' involvement in the crime.[6]

Finding no fundamental miscarriage of justice, and because Phillips failed to assert "cause and prejudice" for his state default, the district court correctly held that it was barred from considering Phillips' habeas petition on the merits.

## C. The District Court's Denial of Phillips' "Motion for Extension of Time" to File a Surrebuttal

Before the district court dismissed Phillips' habeas petition, Phillips had filed a motion for a continuance for more time to file a surrebuttal.  Phillips contends on appeal that he wanted more time to file a surrebuttal in order to present to the court additional evidence of factual innocence.  The district court

---

[6] Phillips alleges that the victim's testimony is inconsistent with prior statements and testimony given by the victim.  While inconsistent testimony casts doubt on the testimony of the victim, inconsistent testimony does not show that Phillips was actually innocent of the crime. See Ballinger, 3 F.3d. at 1375 (finding actual innocence not established with evidence that only "casts doubt upon the testimony of the [criminal defendant's] primary accuser").

denied the continuance and we find no error. "[B]road discretion must be granted trial courts on matters of continuances." Morris v. Slappy, 461 U.S. 1, 11 (1983); see also United States v. Rivera, 900 F.2d 1462, 1475 (10th Cir. 1990). "A trial judge's decision to deny a motion for a continuance constitutes an abuse of discretion only if the denial was 'arbitrary or unreasonable and materially prejudiced the [defendant].'" Rivera, 900 F.2d at 1475 (quoting United States v. West, 828 F.2d 1468, 1469 (10th Cir. 1987)). The district court's denial of Phillips' motion was neither arbitrary nor unreasonable, particularly since regularly scheduled briefing established by the local rules does not include the right to file a surrebuttal. See D. Wyo. R. 7.1. Moreover, Phillips cannot establish that the denial of the continuance was prejudicial. In rejecting the fundamental miscarriage of justice exception to procedural default, we already considered the evidence Phillips wanted to include in his surrebuttal and concluded that it fails to establish that it is more likely than not that "no reasonable juror" would have found Phillips guilty beyond a reasonable doubt. Schlup, 513 U.S. at 327. Thus, Phillips suffered no material prejudice from the district court's refusal to grant a continuance.

The district court's dismissal of the motion for a writ of habeas corpus and denial of motion to extend time are AFFIRMED.