UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 99-4772

BYOUNG N. HAM,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 99-4773

IN SOOK CHANG,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-99-210)

Submitted: February 22, 2000

Decided: March 15, 2000

Before WILKINS, LUTTIG, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia;
Peter L. Goldman, Alexandria, Virginia, for Appellants. Helen F.

Fahey, United States Attorney, Robert W. Wiechering, Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Byoung N. Ham and In Sook Chang entered conditional
guilty pleas to bank fraud, in violation of 18 U.S.C. § 1344 (1994).
In these consolidated appeals (which were authorized under the terms
of their pleas), they contend that the ten-year statute of limitations for
crimes affecting financial institutions violates the Equal Protection
Clause. We disagree, and we therefore affirm the Appellants' convic-
tions.

The statute of limitations for non-capital offenses is ordinarily five
years. See 18 U.S.C. § 3282 (1994). Certain offenses affecting finan-
cial institutions, however, are subject to a limitations period of ten
years. See 18 U.S.C. § 3293 (1994). The Appellants were charged
beyond the five-year limitations period of § 3282 but within the ten-
year period of § 3293. They moved to dismiss, arguing that it violates
equal protection principles to apply a longer limitations period to
bank fraud than to crimes similar in character or severity. The district
court denied this motion. The Appellants' conditional guilty pleas and
these appeals ensued.

The use of different statutes of limitations for different offenses
does not create an invidious classification or burden a fundamental
right. See Chase Sec. Corp. v. Donaldson, 325 U.S. 304, 314 (1945);
Gray v. First Winthrop Corp., 989 F.2d 1564, 1573 (9th Cir. 1993).
Accordingly, § 3293 must be upheld if extending the limitations
period for crimes affecting financial institutions"is rationally related
to a legitimate governmental purpose." Clark v. Jeter, 486 U.S. 456,

2

461 (1988); see also Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999) (applying rational basis review to statute of limitations on collateral review petitions); United States v. Prior, 107 F.3d 654, 661 (8th Cir. 1997) (applying rational basis review to statute of limitations for challenging predicate offenses used to enhance sentence).

Section 3293 serves two valid governmental objectives. First, when § 3293 was enacted in 1989, thrift regulators faced a tidal wave of fraud investigations, and they needed additional time to prosecute those offenses. See United States v. Crouch, 84 F.3d 1497, 1504 n.4, 1513-14 (5th Cir. 1996); 135 Cong. Rec. S6929 (daily ed. June 19, 1989) (statement of Sen. Riegle for himself and Sen. Garn); see also Gray, 989 F.2d at 1573 (noting that the Equal Protection Clause allows legislatures to target their action toward the most immediate concerns). Second, financial institution frauds often take longer to detect than other offenses. See 135 Cong. Rec. S6929 (daily ed. June 19, 1989) (statement of Sen. Riegle for himself and Sen. Garn); see also Avery v. Mapco Gas Prods., Inc., 18 F.3d 448, 454 n.5 (7th Cir. 1994) (noting extension of statute of limitations for asbestos-related torts because asbestos-related disorders are slow to develop).

For these reasons, we hold that § 3293 does not violate the Equal Protection Clause and that the district court properly denied the Appellants' motion to dismiss on limitations grounds. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3