**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 17 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STEVEN MEEKER,

      Petitioner - Appellant,

v.

RON WARD, Warden,

      Respondent - Appellee.

No. 01-6394
(D.C. No. CIV-01-233-W)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**   *

Before **HENRY** and **HOLLOWAY** , Circuit Judges, and   **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant Steven Dale Meeker appeals the order of the district court denying his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. He also reapplies in this court for a certificate of appealability (COA). In order to merit the grant of COA, petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted). Because petitioner has failed to make this showing, we deny the application for COA and dismiss the appeal.

Petitioner was convicted in Oklahoma state court of one count of committing a lewd or indecent act with a child under sixteen and one count of rape in the first degree by instrumentation. Petitioner was sentenced to twelve years' imprisonment. After petitioner's conviction and sentence were affirmed on direct appeal, he brought two unsuccessful actions for state post-conviction relief.

In his federal habeas petition, petitioner raises fifteen claims, eight of which were adjudicated on the merits by the state court, either on direct appeal or in his first post-conviction proceeding. Federal habeas relief will be forthcoming

-2-

based on those claims, therefore, only if petitioner can demonstrate that the decision of the Oklahoma court

> "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(2). Thus, we may grant the writ if we find the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case.

*Hain v. Gibson*, 287 F.3d 1224, 1229 (10th Cir. 2002) (quotation omitted).

The federal magistrate judge, in a thorough and well-reasoned report and recommendation, recommended the petition be denied. With regard to the claims adjudicated by the state court, the magistrate judge determined that the Oklahoma court's rejection of petitioner's claims in each instance was not contrary to, or an unreasonable application of, clearly established Supreme Court jurisprudence, and that the appellate court's decision was not based on an unreasonable determination of the facts in light of the evidence presented at trial.

As for the claims presented for the first time in petitioner's second state post-conviction proceeding, the magistrate judge found that these claims had been defaulted in state court on an adequate and independent state procedural ground and that petitioner had failed to demonstrate cause and prejudice for this default, or that failure to address the claims in federal court would amount to

-3-

a fundamental miscarriage of justice. [1] The district court adopted the report and recommendation and denied the petition for habeas corpus.

We have reviewed the report and recommendation adopted by the district court and substantially agree with its analysis. [2] Petitioner has, therefore, failed to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

---

[1] The fundamental miscarriage of justice exception is rare and is "implicated only in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (quotations omitted). Petitioner did not specifically allege actual innocence in his § 2254 petition, but makes that claim for the first time on appeal. We thus will not address this argument. *See Rojem v. Gibson*, 245 F.3d 1130, 1141 (10th Cir. 2001). Even if it were not barred, petitioner has failed to bring forth evidence of actual innocence such that "it is more likely than not that no reasonable juror would have convicted him . . . ." *Phillips*, 182 F.3d at 774 (quotation omitted). Petitioner's personal assertion of his innocence, by itself, cannot satisfy the fundamental miscarriage of justice exception. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995) ("The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather than no reasonable juror would have found the defendant guilty.").

[2] Since the date of the magistrate judge's report and recommendation, this court has disavowed the use of the "dead-bang winner" language in ineffective assistance of appellate counsel claims. *See Neill v. Gibson*, 278 F.3d 1044, 1057 n.5 (10th Cir. 2001), *petition for cert. filed* (U.S. May 6, 2002) (No. 01-10121) (disavowing language in *Walker v. Gibson*, 228 F.3d 1217, 1237 (10th Cir. 2000), *cert. denied*, 533 U.S. 933 (2001), and other cases which required "a showing more onerous than a reasonable probability that the omitted claim would have resulted in a reversal on appeal").

*Slack*, 529 U.S. at 484 (quotation omitted). Petitioner has thus failed to make "a substantial showing of the denial of a constitutional right" as required before COA may issue. *See* § 2253(c)(2).

Petitioner's motion to submit addendum to opening brief to comply with 10th Cir. R. 28.2 is granted. Petitioner's remaining outstanding motions are denied.

The application for COA is DENIED, and this appeal is DISMISSED.

Entered for the Court


Robert H. Henry
Circuit Judge