**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN A. GILKEY,

      Petitioner - Appellant,

v.

STATE OF KANSAS and JAY
SHELTON,

      Respondents - Appellees.

No. 02-3227
D.C. No. 02-CV-3041-DES
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

Steven A. Gilkey brings this *pro se* appeal challenging the district court's

dismissal of his habeas corpus petition under 28 U.S.C. § 2241, and its denial of

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, or collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

his request for a Certificate of Appealability (COA).[1]

Mr. Gilkey, a state prisoner in a Kansas correctional facility, brought suit in federal district court alleging the Kansas Department of Corrections erred in calculating his sentence and eventual release date. The district court dismissed Mr. Gilkey's writ because he failed to fully exhaust his state court remedies and was now procedurally barred from bringing this federal habeas action. The court also rejected Mr. Gilkey's argument that his procedural default should be overlooked on the grounds of cause and prejudice or manifest injustice. We deny Mr. Gilkey's renewed application for a COA, and dismiss this appeal.

"[A] state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever 'the detention complained of [in the petition] arises out of process issued by a State court.'" *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (quoting 28 U.S.C. § 2253(c)(1)(A)). When, as here,

> a district court denies a habeas petition on procedural grounds, without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid

---

[1]We note the district court dismissed Mr. Gilkey's writ as a petition arising under 28 U.S.C. § 2254, but interchangeably referred to §§ 2241 and 2254 in describing his action. Because Mr. Gilkey is challenging the implementation and execution of his sentence rather than its validity, his action is properly characterized as a § 2241 petition. *See Montez v. McKinna*, 208 F.3d 862, 864-65 (10th Cir. 2000).

claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In determining whether to issue a COA, if the court finds it can resolve the matter on procedural grounds, it is encouraged to do so. *Id.* at 485. Thus,

> [w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal [is] warranted.

*Id.* at 484.

Prior to initiating his federal action, Mr. Gilkey challenged the calculation of his sentence in Kansas state court. The state court denied his motion for relief, and the Kansas Court of Appeals affirmed that decision. *See Gilkey v. State*, No. 85,395 (Kan. Ct. App. March 9, 2001) (unpublished opinion). Mr. Gilkey did not seek further review from the Kansas Supreme Court. "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez*, 208 F.3d at 866. *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 842-45 (1999) (when prisoner alleges state conviction violates federal law, state courts must have full opportunity to review claim prior to prisoner seeking federal relief).

The federal district court correctly ruled Mr. Gilkey failed to exhaust his

state court remedies. The district court also concluded that because the time frame in which Mr. Gilkey could have appealed to the Kansas Supreme Court had long since passed,[2] his failure to exhaust his state court remedies constituted procedural default, thereby warranting dismissal of his petition. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (procedural default for purposes of federal habeas review exists where petitioner fails "to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred"); *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (same).

In an attempt to evade his procedural default problems, Mr. Gilkey contends we should grant him a COA because he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or [can] demonstrate that failure to consider [his] claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Specifically, Mr. Gilkey alleges his limited knowledge of the law is sufficient to show cause for his procedural default. We disagree. Mr. Gilkey's "lack of awareness and training on legal issues" does not constitute adequate cause for his failure to comply with Kansas' appellate filing rules. *See Rodriguez v. Maynard*, 948 F.2d 684, 688

_____

[2]A party must file his petition to appeal a decision from the Kansas Court of Appeals within thirty days after the date of the decision by the court. KAN. SUP. CT. R. 8.03(a)(1).

(10th Cir. 1991).

Mr. Gilkey also generally posits it would be a miscarriage of justice for the court to decline to address his petition. This argument equally lacks merit. The miscarriage of justice exception is extremely narrow, arising only "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (quotation and citation omitted). Mr. Gilkey has made no showing that he was actually innocent. To the contrary, Mr. Gilkey acknowledged he was guilty of the theft charges rendered against him. Rec., Doc. 1 at 2, 3. Therefore, his claims of manifest injustice, as well as cause and prejudice, are wholly unsupported.

In accordance with *Slack*, 529 U.S. at 484, and based on our careful review of Mr. Gilkey's brief, the district court's orders, and the entire record on appeal, we hold that the district court correctly dismissed Mr. Gilkey's petition on the ground of procedural default. We therefore **DENY** Mr. Gilkey's application for a COA and **DISMISS** this appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge