**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANK EARL MCCARRELL, JR.,

Petitioner-Appellant,

v.

JUSTIN JONES,

Respondent-Appellee.

No. 06-6040

(W.D. Oklahoma)

(D.C. No. CIV-05-1003-W)

**ORDER**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

Frank Earl McCarrell, Jr., an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's decision dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Mr. McCarrell also seeks to proceed in forma pauperis ("IFP"). Because we determine that he has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), we deny his request for a COA and dismiss the matter. We grant his motion to proceed IFP.

# I. BACKGROUND

Mr. McCarrell was charged with possession of a controlled dangerous substance with intent to distribute, in violation of Okla. Stat. tit. 63, § 2-401. On May 20, 1993, a jury acquitted Mr. McCarrell on this charge, but convicted him of the lesser included offense of possession of a controlled dangerous substance (cocaine base) and sentenced him to forty years of imprisonment. His conviction and sentence were affirmed on direct review. Mr. McCarrell also sought postconviction relief, which was denied.

In his § 2254 petition, and before us, Mr. McCarrell raises five propositions of error. First, he contends that the State failed to elect the enhancement provision under which it was going to proceed, resulting in the trial court's failure to properly instruct the jury during the sentencing phase of the trial. Second and third, he contends that his trial and appellate counsel were ineffective for not raising this enhancement claim. Fourth, he challenges the denial of his motion to suppress evidence based upon an illegal arrest and lack of probable cause, in violation of his Fourth Amendment rights. Fifth and finally, Mr. McCarrell challenges the trial court's instructing the jury to consider evidence of flight.

The magistrate judge recommended dismissal of each of the above claims, and recommended the denial of habeas relief. The district court adopted the magistrate judge's report and recommendation, and denied Mr. McCarrell's application for a certificate of appealability. For substantially the same reasons

2

provided in the magistrate judge's thorough and well-reasoned report and recommendation, we reject Mr. McCarrell's arguments.

## II. DISCUSSION

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 322 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484 (internal quotation marks and citation omitted).

Mr. McCarrell did not raise claims one through three on direct appeal. We agree with the magistrate judge and district court that Mr. McCarell cannot show cause for his procedural default of his first two claims (State's failure to elect enhancement and ineffective assistance of trial counsel for failing to object to the State's failure). *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998). Similarly, he cannot establish that a fundamental miscarriage of justice will occur if we do not consider his procedurally defaulted claims here. *See Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) ("To prevail [on the fundamental miscarriage of justice exception, petitioner] must identify evidence that affirmatively demonstrates his innocence.").

3

We also agree that the failure to challenge the State's actions on direct appeal did not constitute ineffective assistance of appellate counsel because raising that issue would not have resulted in Mr. McCarrell obtaining relief on appeal. Thus, his claim for ineffective assistance of appellate counsel also fails.

As to Mr. McCarrell's Fourth Amendment argument, we hold that he had a full and fair opportunity to litigate the issue in state court. Both the state trial and appellate court rejected this claim on the merits. Under *Stone v. Powell*, 428 U.S. 465, 481-82 (1976), federal habeas relief is precluded. Finally, as to the trial court's instructions regarding Mr. McCarrell's flight, we agree that we may consider such contentions only if "they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law." *Nguyen v. Reynolds,* 131 F.3d 1340, 1357 (10th Cir. 1997) (citing *Long v. Smith*, 663 F.2d 18, 23 (6th Cir. 1981)). We agree with the magistrate judge and district court that, because of the overwhelming evidence of Mr. McCarrell's guilt, "any error in giving the flight instruction would have had little effect." Rec. doc. 16, at 11 (Magistrate Judge's Report and Recommendation, dated Dec. 20, 2005).

We have carefully reviewed Mr. McCarrell's brief, the magistrate judge's report and recommendation, district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Mr. McCarrell's filings raises an issue which meets our standards for the grant of a COA. For substantially the same reasons as set forth by the district court, we cannot say that it is "debatable

4

whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

## III. CONCLUSION

We DENY Mr. McCarrell's request for a certificate of appealability, deny his motion to proceed IFP, and DISMISS the matter.

Entered for the Court,

Robert H. Henry
Circuit Judge