**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 12, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE ROBERT BREWINGTON,

Petitioner-Appellant,

v.

DAVID MILLER, Warden,

Respondent-Appellee.

No. 11-6168
(D.C. No. 5:11-CV-00111-HE)
(W.D. of Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.[**]

George Brewington, an Oklahoma state prisoner, seeks a certificate of

appealability (COA) to enable him to appeal the district court's denial of his 28

U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction under 28

U.S.C. §§ 1291 and 2253(a), and we construe Brewington's filings liberally

because he is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3

(10th Cir. 1991).

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

We conclude the district court correctly disposed of Brewington's petition, and therefore DENY the application for a COA and DISMISS the appeal.

## I. Background

In September of 2007, in Guthrie, Oklahoma, a police officer went to the apartment of Sylvia Vasquez, Brewington's niece, for a routine welfare check. The officer testified at trial that he knocked and announced his presence, and that Sylvia Vasquez answered the door after some delay. After ensuring the welfare of Vasquez and her children, the officer left without entering the apartment.

As the officer left, a neighbor signaled for him to look at the ground outside Vasquez's window. There, the officer found several items, including drug paraphernalia and a fanny pack containing an ID card with Brewington's name. While the officer inspected these items, Vasquez approached him and identified the items as belonging to Brewington. The officer returned to Vasquez's apartment, where he discovered Brewington and arrested him. As the officer led Brewington to his patrol car, Brewington told Vasquez not to allow the police to search her apartment. After additional officers arrived on the scene, Vasquez gave them permission to search the apartment. In Vasquez's bathroom, the officers discovered a makeup bag containing the controlled substances methamphetamine and hydrocodone.

At Brewington's trial, he was convicted of the Oklahoma offense of possession of a controlled dangerous substance within 1,000 feet of a public park

and in the presence of a minor child under 12. On direct appeal, Brewington challenged his conviction on two grounds: (1) insufficient evidence, and (2) ineffective assistance of counsel. The Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction. Brewington then brought several claims for post-conviction relief in Oklahoma court. These were denied by the state court, and the OCCA declined to exercise jurisdiction on appeal because Brewington had not filed his appeal within thirty days of the district court judgment as required by OCCA rules.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1). A COA requires the applicant to demonstrate a "substantial showing of the denial of a constitutional right." § 2253(c)(2).

The district court broadly construed Brewington's petition to contain the following four challenges to his conviction: (1) a conflict of interest between certain judicial officers and law enforcement officials during his trial proceedings; (2) his trial counsel was ineffective; (3) his trial counsel misled him and did not allow him to participate in jury selection; and (4) the evidence was not sufficient for a reasonable juror to find him guilty of drug possession.

The district court rejected the first three claims on procedural default grounds, and the fourth claim on the merits, employing the deferential standard required by AEDPA.

*A. Procedural Default*

Brewington initially brought his first three claims in state court in an application for post-conviction relief. The state court denied the application. Brewington appealed that decision to the OCCA, but the OCCA dismissed the appeal because it was not filed within thirty days of the state court's denial order as required by OCCA Rule 5.2(C)(2). After Brewington filed his habeas petition in federal court, the district court found that his failure to comply with OCCA procedures constituted procedural default.

We may not consider claims that have been defaulted in state court on adequate and independent state procedural grounds unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (quoting *Matthews v. Workman*, 577 F.3d 1175, 1195 (10th Cir. 2009)). "A state procedural default is 'independent' if it relies on state law, rather than federal law." *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008). "A state procedural default is 'adequate' if it is firmly established and regularly followed." *Id.* As we have long recognized, OCCA Rule 5.2(C)(2) is

both an independent and an adequate state ground for default. *See Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998). Thus, Brewington's first three claims must be dismissed unless he demonstrates either (1) cause and actual prejudice, or (2) a fundamental miscarriage of justice if relief is not granted.

### 1. Cause and Prejudice

Brewington's filings do not allege any cause for his failure to comply with OCCA Rule 5.2(C)(2), despite the fact that his omission has been twice highlighted. *See* R., Vol. 1 at 65, Response to Petition for Habeas Corpus at 19, *Brewington v. Miller*, No. CIV-11-111-HE (W.D. Okla. Mar. 4, 2011), ECF No. 8 ("Petitioner has not demonstrated cause as he asserts no reason for his failure to comply with proper state procedure."); R., Vol. 1 at 193–94, Order Dismissing Post-Conviction Appeal at 1–2, *Brewington v. Oklahoma*, No. PC-2010-932 (Okla. Crim. App. Jan. 18, 2011) ("If Petitioner feels he can prove he has been denied a post-conviction appeal through no fault of his own, he should follow the proper procedures outlined in the Rules of this Court."). Because Brewington does not offer an explanation for his procedural default, we must find his first three claims procedurally defaulted unless he demonstrates a fundamental miscarriage of justice.

### 2. Miscarriage of Justice

The fundamental miscarriage of justice exception to procedural default is "a markedly narrow one, implicated only in 'extraordinary case[s] where a

constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999)). The Supreme Court has instructed that "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Brewington has not alleged any "new evidence." The only evidence he presents is a letter from his niece, Sylvia Vasquez. The letter is addressed to Judge Worthington, who was Brewington's trial judge. The letter says, "I feel that I am not being completely honest if I don't state the fact that the co-defendant, George Brewington, had absolutely no knowledge of the items that were found the day of our arrest. He had merely stopped by my house at my request to take me to the grocery store." The letter is not dated, but refers to a future court appearance on February 21, 2008, implying the letter was written before the date. The letter was actually attached to Brewington's Motion to Dismiss filed before his trial in August 2008. Thus, this evidence is not new. It is also worth noting that Vasquez pleaded guilty to the same drug charges as Brewington.

But even if the evidence was new, it would not demonstrate that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* A juror reasonably could have discounted Vasquez's credibility and given no weight to her claim that Brewington was innocent. Because a reasonable juror could still have found Brewington guilty even in light of Vasquez's letter, Brewington cannot demonstrate a fundamental miscarriage of justice.

Thus, his first three claims remain procedurally barred.

*B. Sufficiency of the Evidence*

Brewington also argues his conviction for drug possession was based on insufficient evidence of guilt. Because the OCCA addressed the merits of this claim, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Under AEDPA, we may grant a habeas petition on a claim that was adjudicated on the merits in state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). In reviewing a challenge to the sufficiency of the evidence in a habeas petition, "the relevant question is whether,

after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Our review under *Jackson* "is sharply limited, and a court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Brown v. Sirmons*, 515 F.3d 1072, 1089 (10th Cir. 2008) (quotations and alterations omitted).

Having reviewed the record on appeal, we cannot conclude that the OCCA unreasonably applied *Jackson* in concluding the jury's verdict was based on sufficient evidence. The arresting officer discovered Brewington's personal effects outside Vasquez's window alongside drug paraphernalia. The officer testified that it took several minutes for either Vasquez or Brewington to answer the door after he knocked. As he was arrested, Brewington became agitated and shouted to Vasquez not to allow the police to search her apartment. Drug paraphernalia found with the property outside the window resembled similar items found with the drugs inside the apartment. It is undisputed that minor children under twelve were present in the apartment, and that the apartment was within 1,000 feet of a public park. A juror could reasonably infer based on these facts that Brewington committed the offense with which he was charged.

### III. Conclusion

We GRANT Brewington's request to proceed *in forma pauperis*. For the reasons stated above, we DENY Brewington's request for a COA and DISMISS the appeal. We also DENY Brewington's request to be provided with court-appointed counsel.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge