**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 28, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KIZZY KALU,

    Defendant - Appellant.

No. 17-1006
(D.C. Nos. 1:15-CV-01727-MSK and
1:12-CR-00106-MSK-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Kizzy Kalu, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to challenge the denial of his 28 U.S.C. § 2255 motion. We deny a COA and dismiss the appeal.

**I**

Kalu was convicted by a jury on 89 counts of mail fraud, encouraging and inducing an alien, visa fraud, forced labor, trafficking in forced labor, and money laundering. He was sentenced to 130 months' imprisonment on some counts and 120 months on others, with the sentences running concurrently. We affirmed his

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction and sentence on direct appeal. United States v. Kalu, 791 F.3d 1194 (10th Cir. 2015).

Kalu subsequently filed a § 2255 motion in the district court asserting one claim for ineffective assistance of counsel during plea negotiations. He alleges that counsel failed to pursue a proposed plea bargain and pressured him to go to trial by falsely indicating that the district court would not accept the proposed sentence, he would likely be acquitted at trial, and he would receive a more favorable sentence even if convicted. Kalu attached to his motion an email sent from defense counsel, Peter Menges, after the jury's verdict but before sentencing. In the email, Menges recounted his recollection of pretrial plea negotiations with the government. He stated that the government had discussed the possibility of a 30-37 month sentence, but never extended a firm offer. The email indicates that negotiations did not progress because Kalu would only accept an offer close to credit for time served, which the government rejected. Menges further wrote that "[w]e never got past the negotiation stage because you were never interested in any offer even close to what the government was proposing." Kalu also attached a portion of the sentencing hearing transcript, in which he stated that "after discussing [a possible plea agreement] with my attorneys, because there was nothing written about this, I decided I knew I felt that I should go to trial."

Menges and co-counsel, Michael Sheehan, filed affidavits regarding the assertions in Kalu's § 2255 motion. Both affirmed that the government never extended a formal plea offer and that Kalu was not interested in negotiating a plea.

Further, both attorneys averred that they never pressured Kalu to reject a plea or made the representations identified in Kalu's § 2255 motion. Menges also attached his notes from the meeting in which he discussed the possibility of a plea with Kalu.

After receiving counsels' affidavits, the district court determined that an evidentiary hearing was not warranted. It denied relief on the merits and declined to grant a COA. Kalu now seeks a COA from this court.

## II

A prisoner may not appeal the denial of relief under § 2255 without a COA. § 2253(c)(1)(B). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Under this standard, Kalu must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

To succeed on an ineffective assistance claim, a prisoner must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The right to counsel extends to the plea-bargaining process. Missouri v. Frye, 566 U.S. 134, 140 (2012). Kalu argues that counsel was ineffective for failing to pursue a formal offer after the government discussed the possibility of a 30-37 month sentence. However, a defendant has no right to be offered a formal plea. Id.

3

at 148. And both defense attorneys affirmed that Kalu was uninterested in the 30-37 month proposal when it was presented to him. Counsel's averments are supported by the email from Menges to Kalu, and Kalu's statements at sentencing.

Kalu also argues that defense counsel made false statements as to Kalu's prospects of acquittal and likely sentence at trial to improperly encourage Kalu to reject the potential offer. This assertion is contravened by counsels' affidavits. Further, Kalu's own statements at the sentencing hearing undermine his current argument; he unequivocally stated that he decided to proceed to trial and did not suggest he was pressured to do so by defense counsel. In any event, an erroneous prediction as to the likelihood of success does not necessarily constitute ineffective assistance. See Lafler v. Cooper, 566 U.S. 156, 174 (2012). Kalu's bare assertion that counsel's advice proved incorrect does not establish deficient performance.

Finally, Kalu challenges the district court's decision to deny his motion without an evidentiary hearing. We conclude the district court did not abuse its discretion because "the files and records of the case conclusively show" that Kalu is not entitled to relief. § 2255(b); see also United States v. Clingman, 288 F.3d 1183, 1187 n.4 (10th Cir. 2002) (denial of evidentiary hearing reviewed for abuse of discretion); Hopkinson v. Shillinger, 866 F.2d 1185, 1211 (10th Cir. 1989) ("Conclusory allegations unsupported by specifics are insufficient to require a court to grant an evidentiary hearing, as are contentions that in the face of the record are wholly incredible." (quotation and ellipses omitted)), overruled on other grounds as stated in Phillips v. Ferguson, 182 F.3d 769, 772-73 (10th Cir. 1999).

4

## III

For the foregoing reasons we **DENY** a COA and **DISMISS** the appeal.  Kalu's
motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge