**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 15, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

DESMOND DEMETRIUS ANTWINE,

   Defendant - Appellant.

No. 24-6042
(D.C. Nos. 5:23-CV-00943-D &
5:19-CR-00165-D-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **EID**, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

Defendant-Appellant Desmond Demetrius Antwine — an inmate in the custody of the Hutchinson Correctional Facility in Hutchinson, Kansas — seeks a certificate of appealability (COA) to appeal the district court's order denying his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody.  A certificate of appealability is a jurisdictional prerequisite to our appellate review.  Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003).  We deny a COA and dismiss the appeal.

---

   [*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Background**

Mr. Antwine was indicted on a charge of unlawful possession of a firearm after a felony conviction, 18 U.S.C. § 922(g)(1), after a loaded firearm was found in his bag during a security screening at Will Rogers International Airport in Oklahoma City. At the time of the incident, Mr. Antwine was on probation pursuant to a Kansas state sentence that had been partially suspended; thereafter, his state probation was revoked and he was sentenced to 111 months. I R. 211–12, 327–28, 332. In federal court, Mr. Antwine was appointed counsel and pled guilty to the federal indictment under a plea agreement. He was sentenced on May 29, 2020, to 63 months' imprisonment to be served consecutively to his Kansas sentence. He did not file a direct appeal.

On October 16, 2023, Mr. Antwine filed a motion seeking relief under § 2255 and claiming that he received ineffective assistance of counsel based upon a failure to investigate and incorrect plea advice and that he is actually innocent of the charge. After full briefing, the district court held that Mr. Antwine's motion was untimely, lacked any new evidence, and did not present a colorable claim of actual innocence. Mr. Antwine maintains that he did not know the firearm was in his bag. He concedes that there is sufficient evidence of constructive possession[1] but argues that the district

---

[1] "The petitioner concedes that there is enough evidence to prove constructive possession in this case." Aplt. Br. at 21; see also I R. 213, 262–63, 265–67 (supporting such a statement).

court employed the wrong standard in evaluating his actual innocence claim. He maintains that the exculpatory evidence is overwhelming.

**Discussion**

To obtain a COA, where, as here, a district court has dismissed a filing on procedural grounds, Mr. Antwine must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). No reasonable jurist could conclude that the district court's dismissal of Mr. Antwine's motion as time-barred was procedurally incorrect, thus, no appeal is warranted. See id.

Mr. Antwine's conviction became final on June 12, 2020, when he did not appeal. 28 U.S.C. § 2255(f)(1). A one-year limitation period applies. Id. His § 2255 motion, filed on October 16, 2023, is plainly out of time. Despite that his § 2255 motion is time-barred, the district court considered his motion as grounded in the "actual innocence" gateway to post-conviction review of claims that would otherwise be procedurally barred. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). To support a claim that constitutional error (here, ineffective assistance of counsel) resulted in the conviction of one actually innocent where a trial has occurred, a movant must come forward with "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324

3

(1995). Unexplained delay in presenting the evidence may be considered as part of the inquiry. McQuiggin, 569 U.S. at 399. The movant must show that given the new evidence, no reasonable juror would have found him guilty beyond a reasonable doubt. Id. at 386. Given a guilty plea rather than a trial, a movant must show factual innocence, and the court may consider all of the evidence as well as any charges foregone by resolving the case with a plea. Bousley v. United States, 523 U.S. 614, 623–24 (1998).

A review of the record clearly indicates that much of the information Mr. Antwine relies upon predates his guilty plea and was known to him and his counsel at the time of the plea. See I R. 240–333 (Transcript of State Revocation Hearing). So the information is not new. Although Mr. Antwine argues that the district court imposed a higher standard than necessary upon his claim, the district court did not — its statement that he must affirmatively demonstrate his innocence is consistent with Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999), and is consistent with the demanding nature of an actual innocence claim. Trial evidence is rarely all one way, and Mr. Antwine's reliance on (1) the investigating officers' perception of his surprise upon the discovery of the firearm, (2) his past travel practices and itineraries, and (3) the reasons he would not knowingly possess a firearm in these circumstances, at most "undermine the finding of guilt against" him, which is not enough to show actual innocence or make the district court's resolution reasonably debatable. Id. (citation omitted). Possession of a firearm may be actual or constructive, see Henderson v. United States, 575 U.S. 622, 626 (2015); United States v. Little, 829

4

F.3d 1177, 1181 (10th Cir. 2016), and his concession of sufficient evidence to prove

constructive possession also undermines his claim of actual innocence.

We DENY a COA and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge