**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL DON PINKERTON,

Petitioner - Appellant,

vs.

HASKELL HIGGINS, Warden,

Respondent - Appellee.

No. 05-6323
(D.C. No. 05-CV-727-T)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Michael Don Pinkerton, an inmate appearing pro se, seeks a certificate of

appealability ("COA") to appeal from the district court's dismissal of his habeas

petition, filed pursuant to 28 U.S.C. § 2254. In order to merit a COA, Mr.

Pinkerton must make a "substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To make such a showing, he must demonstrate that reasonable jurists would find

the district court's resolution of the constitutional issues contained in his motion

debatable or wrong. Miller-El, 537 U.S. at 336; Slack v. McDaniel, 529 U.S. 473,

484 (2000). Because Mr. Pinkerton has not made that showing, we deny a COA

and dismiss the appeal.

On June 13, 2001, Mr. Pinkerton was convicted, on a plea of nolo contendere, of unlawful possession of three or more controlled dangerous substances with intent to manufacture methamphetamine. He was sentenced to twenty years imprisonment and a $50,000 fine. He did not apply to withdraw his plea and filed no direct appeal. On November 24, 2004, Mr. Pinkerton filed for post-conviction relief in state district court. That court denied relief on January 13, 2005, and the OCCA affirmed that denial on April 26, 2005.[1]

On June 23, 2005, Mr. Pinkerton filed his federal habeas petition. In that petition, he raised two claims: (1) that the OCCA denied him due process by its failure to address the merits of his Fifth, Sixth and Fourteenth Amendment claims, R. Doc. 2 at 4, and (2) that the state district court's failure to conduct an evidentiary hearing or grant Mr. Pinkerton relief denied him due process. In his habeas petition, Mr. Pinkerton also addressed the merits of his underlying claims, including a defective charging document, ineffective assistance of counsel, an

---

[1] Mr. Pinkerton's brief to the OCCA is not part of this record. It appears, however, from the OCCA decision, R. Doc. 2 Ex. 2, that he raised the following arguments before the state district court: (1) that he was wrongfully charged and convicted, (2) that the trial judge failed to properly address issues raised in the district court, (3) that he was denied effective assistance of counsel, and (4) the that district court erred in not sustaining a motion to suppress evidence. Id. In affirming the district court findings, the OCCA held that the record fails to support Mr. Pinkerton's claims of ineffective assistance, and held that the rest of Mr. Pinkerton's claims had been waived by his failure to file a direct appeal. Id.

involuntary and unknowing plea, and denial of equal protection. See R. Doc. 2.

The magistrate's report and recommendation concluded that Mr. Pinkerton's claims essentially constituted a request for the federal court to review the state's post-conviction procedure and that this was not cognizable in federal habeas. The magistrate judge also noted that Mr. Pinkerton's substantive challenges were time barred given the one-year limitation period in 28 U.S.C. § 2244(d)(1)(A). The district court adopted the report and recommendation, overruling Mr. Pinkerton's objections.

Where the district court dismisses a petition on procedural grounds, a COA requires the inmate to demonstrate that it is reasonably debatable whether (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court's procedural ruling is correct. Slack, 529 U.S. at 484; see also Miller-El v. Cockrell, 537 U.S. 322, 337 (2003). To the extent that Mr. Pinkerton has not abandoned his claims regarding Oklahoma's post conviction relief proceedings, the district court's conclusion that such a claim is not cognizable in habeas is not reasonably debatable. See, e.g., Phillips v. Ferguson, 182 F.3d 769, 772-73 (10th Cir. 1999); Steele v. Young, 11 F.3d 1518, 1524 (10th Cir. 1993).

On appeal, Mr. Pinkerton argues that he received ineffective assistance of counsel, there is an inadequate factual basis for the offense of conviction, and that his plea was not knowing and voluntary. He faults the district court for

- 3 -

denying a request for leave to supplement the record, presumably with a claim developed with legal assistance. The district court's conclusion that Mr. Pinkerton's claims are time-barred is not reasonably debatable. Federal law provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This limitation period begins on "the date on which the judgment became final by . . . the expiration of time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). Here it began ten days after the entry of his plea. See Rule 4.2(A), Rules of the OCCA (in order to appeal a nolo plea, defendant must move within ten days of entry of that plea). The limitations period ran on June 13, 2002, well before he applied for state post-conviction relief and federal habeas relief.

The one-year limitations period is not jurisdictional and is subject to equitable tolling in appropriate cases. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling of the limitations period is only appropriate in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (quotation omitted). Moreover, "[equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Mr. Pinkerton's general claims of

lack of access to an adequate law library and the complexity of Oklahoma post-conviction procedure do not suffice to establish equitable tolling.

Mr. Pinkerton argues that if the one-year limitation period bars his § 2254 claims, we should construe them pursuant to 28 U.S.C. §§ 2241 or 1651. Section 2241 is subject to the same one-year limitation period. Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003). Moreover, because Mr. Pinkerton seeks to set aside his state court conviction, his sole remedy lies in a habeas corpus petition. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that when state prisoner challenges fact or duration of imprisonment and seeks release from that imprisonment, sole federal remedy is a writ of habeas corpus); see also Pennsylvania Bureau of Corr. v. United States Marshals Serv., 474 U.S. 34, 43 (1985) ("The All Writs Act [contained in 28 U.S.C. § 1651] is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."). Thus, Mr. Pinkerton's claims do not lie under § 1651. The district court did not abuse its discretion in denying his motion for leave to supplement the record.

We DENY Mr. Pinkerton's application for a COA and dismiss the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge