FILED
United States Court of Appeals
Tenth Circuit

September 9, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

KEITH L. BROWN,

Petitioner - Appellant,

v.

STATE OF OKLAHOMA; ERIC
FRANKLIN, Warden; DREW
EDMONDSON,

Respondents - Appellees.

No. 08-6058
(D. Ct. No. 5:07-CV-00222-M)
(W.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **TACHA**, **KELLY**, and **MCCONNELL**, Circuit Judges.

---

Petitioner-Appellant Keith L. Brown, a state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to appeal from the district court's denial of his

habeas corpus petition brought under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A)

(providing that no appeal may be taken from a final order disposing of a § 2254 petition

unless the petitioner first obtains a COA). We take jurisdiction under 28 U.S.C. § 1291,

DENY Mr. Brown's request for a COA, and DISMISS this appeal.

On May 18, 2000, Mr. Brown was sentenced in Oklahoma state court to life in

prison for shooting with intent to kill. He filed a timely appeal with the Oklahoma Court

of Criminal Appeals, which affirmed both his conviction and sentence on April 16, 2001.

He then had ninety days to pursue a writ of certiorari with the U.S. Supreme Court, *see* 28 U.S.C. § 2101(d), Sup. Ct. R. 13, which he did not do. Accordingly, his judgment and sentence became final for limitations purposes on July 15, 2001, and his one-year habeas filing period under 28 U.S.C. § 2244(d)(1)(A) expired one year later. *See Habteselassie v. Novak*, 209 F.3d 1208, 1209 (10th Cir. 2000).

On February 13, 2007, Mr. Brown filed a § 2254 habeas petition in federal district court, attacking his state-court conviction. After the magistrate judge ordered Mr. Brown and the respondents to address the timeliness of the petition, the district court adopted the magistrate judge's report and recommendation and dismissed the petition as time-barred. Mr. Brown now seeks a COA from this Court.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires Mr. Brown to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). When, as here, the district court's ruling is based on procedural grounds, the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 478.

Because Mr. Brown did not file his § 2254 petition until February 2007, more than

four years after the limitations period had run,[1] his petition is time-barred unless it meets the high standard we have established for equitable tolling. Equitable tolling of the one-year limitations period is permitted "only in rare and exceptional circumstances," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations omitted), and "only . . . when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). To the extent Mr. Brown argues that he is entitled to equitable tolling because of ineffectiveness of counsel at trial, we disagree. Even if we assume that Mr. Brown's counsel was ineffective, that does not excuse Mr. Brown's extended delay in seeking federal post-conviction relief in this case. We agree with the magistrate judge and district court that Mr. Brown has not alleged the required "specificity [regarding] the steps he took to diligently pursue his federal claims." *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quotations omitted).

Mr. Brown further asserts his actual innocence as an equitable basis for avoiding the limitations period altogether. Although we have recognized actual innocence as

[1]Before the one-year limitation period expired, Mr. Brown filed two motions in state court: a motion for a suspended sentence and a motion for a sentence modification. The first motion was denied approximately two months after it was filed, and Mr. Brown successfully moved to strike the second motion approximately one month after it was filed. Thus, even if these motions are properly considered motions for post-conviction relief sufficient to toll the limitations period under 28 U.S.C. § 2244(d)(2), Mr. Brown's habeas petition is still untimely because it was filed more than three years after the second state-court motion was stricken. We also note that Mr. Brown's two additional applications for post-conviction relief were filed after the one-year period under § 2244(d)(1)(A) had run and therefore could not have rendered his petition timely.

equitable grounds for not applying the § 2244(d) limitations period, *see Miller v. Marr*,

141 F.3d 976, 978 (10th Cir. 1998), the demonstration of actual innocence merely

provides a gateway to allow federal habeas review of a procedurally defaulted claim.

*Herrera v. Collins*, 506 U.S. 390, 405 (1993).  It is not itself a basis upon which habeas

relief may be granted.  *Id.*

Moreover, a petitioner "asserting innocence as a gateway to defaulted claims must

establish that, in light of new evidence, it is more likely than not that no reasonable juror

would have found petitioner guilty beyond a reasonable doubt."  *House v. Bell*, 547 U.S.

518, 536–537 (quotations omitted); *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir.

1999) (quotations omitted).  Mr. Brown's introduction of new evidence about his

whereabouts on the morning of the crime would not cause a rational juror to doubt Mr.

Brown's guilt.[2]  Equitable tolling of the one-year limitations period is therefore

inappropriate based on Mr. Brown's claim of actual innocence.

After carefully reviewing Mr. Brown's brief, the magistrate judge's report and

recommendation, and the record on appeal, we conclude that reasonable jurists could not

debate whether the district court was correct to dismiss Mr. Brown's petition as time-

---

[2]This new evidence is the testimony of Ms. Sandra Shepherd, who stated that Mr. Brown was at her home, ten blocks from the crime scene, at approximately 6:00 a.m. on the morning of the shooting.  The State's witness testified that Mr. Brown was at *his* home, eighteen blocks from the crime scene, at 6:00 a.m. that same morning.  Regardless of where Mr. Brown was at 6:00 a.m., he acknowledges that the crime occurred at about 5:00 a.m. and he would have actually been in closer proximity to the crime scene were he at the home of Ms. Shepherd.  Additionally, he provides no new evidence to refute the testimony of two separate witnesses who heard him admit to shooting someone at the scene of the crime on the morning of the crime.

barred.  We therefore DENY Mr. Brown's request for a COA and DISMISS this appeal.


ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge