FILED
United States Court of Appeals
Tenth Circuit

July 11, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————————

JOHNNY WILLIAM BURNETT,

Petitioner - Appellant,

v.

RANDY HARDING, Warden,

Respondent - Appellee.

No. 24-6260
(D.C. No. 5:22-CV-00993-D)
(W.D. Okla.)

———————————————————

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

———————————————————

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.

———————————————————

Johnny William Burnett, *pro se*, requests a certificate of appealability to challenge

the district court's denial of his 28 U.S.C. § 2254 writ of habeas corpus.  We agree with

the district court that Burnett's habeas petition is procedurally barred, so we **DENY** the

application for COA and **DISMISS** this matter.

## I.    Background

Burnett was tried by a jury in the District Court of Cleveland County, Oklahoma

and convicted of two counts of lewd molestation or indecent acts of a child under 16 and

two counts of forcible oral sodomy.  He appealed his conviction to the Oklahoma Court

———————————

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of Criminal Appeals, arguing that the trial court erroneously admitted testimony about child accommodation syndrome and victim impact evidence. The OCCA affirmed Burnett's conviction and sentence.

Burnett first applied for post-conviction relief in Cleveland County District Court on June 12, 2019. The state district court denied his motion on November 10, 2021. On June 22, 2022, Burnett petitioned the OCCA for a writ of mandamus to direct the district court to rule on his 2019 application. The OCCA ordered the state district court to respond, and the state district court responded by referencing and attaching the November 2021 order denying Burnett's application.

Burnett moved to appeal out-of-time, arguing that he did not receive a copy of the November 2021 order until July 2022. Before the state district court could rule on his motion, he preemptively filed the same motion with the OCCA and filed a petition-in-error challenging the denial of post-conviction relief. Eventually, the state district court granted Burnett's out-of-time appeal because the deadline was missed through no fault of his own.

Still, the OCCA declined jurisdiction and dismissed his petition on October 14, 2022. The OCCA held that Burnett's pleading did not contain a copy of the trial court order or records sufficient to prove he sought relief in the state district court.

On November 14, 2022, Burnett filed a petition for habeas corpus, 28 U.S.C. § 2254, in federal district court. He raised eight grounds for relief:

> ***One***: the admission of evidence pertaining to child sexual abuse accommodation syndrome.

2

> ***Two***: victim impact evidence 'caused the jury to impose excessive sentencing'.
> ***Three:*** ineffective assistance of appellate counsel.
> ***Four:*** ineffective assistance of trial counsel.
> ***Five:*** judicial misconduct through the suppression of evidence and witness testimony.
> ***Six:*** prosecutorial misconduct through the admission of fraudulent testimony and false evidence.
> ***Seven:*** lack of jurisdiction 'because all of Oklahoma is Indian Country'.
> ***Eight:*** actual and factual innocence

The magistrate judge's report and recommendation denied Burnett relief on all grounds.

First, the magistrate judge recommended denying habeas relief on ground two on the merits. The OCCA rejected Burnett's prosecutorial conduct claim when he presented it on direct appeal. The magistrate judge found that the prosecutor's victim impact statements were brief and were supported by admitted evidence of the victim's long-term suffering, and so did not violate Burnett's due process rights.

Next, the magistrate judge found that claims one, three, four, five, six, and seven were procedurally defaulted. These claims were raised for the first time in Burnett's state application for post-conviction relief. Because the OCCA declined jurisdiction over these claims because of a state procedural deficiency, the magistrate judge concluded it could not consider the defaulted claims. For the same reasons, the claims within grounds one, two, five, and seven that were unexhausted were denied pursuant to anticipatory procedural bar.

Finally, the magistrate judge concluded that ground eight, actual innocence, is not an independent ground to grant habeas relief.

3

Burnett objected to the magistrate judge's report and recommendation, but the district court adopted the report and recommendation in its entirety. The district court's reasoning largely mirrored the magistrate judge's with two exceptions. First, the district court ruled that Burnett did not specifically object as to ground two, so any review is waived. Second, it agreed with the magistrate judge that the remaining claims in grounds 1–7 were procedurally defaulted or subject to anticipatory procedural bar. But the district court concluded in more detail that Burnett did not cite any new evidence to support that there was a fundamental miscarriage of justice and should be excepted from procedural default.

The district court denied Burnett's petition and declined to issue a certificate of appealability (COA).

## II.    Discussion

Burnett submitted to us an application for COA. He again raises eight grounds for relief:

> ***One***: the admission of evidence pertaining to child sexual abuse accommodation syndrome.
> ***Two***: victim impact evidence 'caused the jury to impose excessive sentencing'.
> ***Three:*** ineffective assistance of appellate counsel.
> ***Four:*** ineffective assistance of trial counsel.
> ***Five:*** judicial misconduct through the suppression of evidence and witness testimony.
> ***Six:*** prosecutorial misconduct through the admission of fraudulent testimony and false evidence.
> ***Seven:*** lack of jurisdiction 'because all of Oklahoma is Indian Country'.
> ***Eight:*** actual and factual innocence

Aplt. Br. at 4.

4

We grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies habeas relief on procedural grounds, the petitioner must satisfy the two-part test from *Slack v. McDaniel*. 529 U.S. 473 (2000). The petitioner must show both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. We can address these requirements in either order and if one is found lacking, we need not address the other. *Id.* at 485 ("the Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of" (internal quotations omitted). Burnett appears *pro se*, so we construe his filings liberally but do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

We review each of the claims in turn.

### A.    Ground 2

We begin where the district court began. The district court held that Burnett waived review when he failed to make a specific objection about victim impact statements or the magistrate judge's review of the OCCA's decision. We agree.

A party who "fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (internal quotations omitted). But litigants cannot just claim a blanket objection for the magistrate judge's entire report.

5

We recognize only "an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Firm waiver is a procedural bar to review. *Id.*

The magistrate judge specifically noted that the prosecutor's comments were brief and were fully supported by the evidence produced at trial. Burnett's objection not only does not address why this rationale is incorrect, he makes no specific reference to the victim impact statements or the OCCA's decision. Thus, the district court's procedural decision was reasonable, and we need not address the merits of ground 2, *see Slack*, 529 U.S. at 485.

### B.    *Procedural Default and Anticipatory Procedural Bar*

The district court declined to hear certain arguments raised in grounds one, three, four, five, six, and seven. It did so because the OCCA declined jurisdiction over Burnett's post-conviction relief appeal since he failed to attach the state trial court order to his petition-in-error. The district court reasoned that "a federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021) (quoting *Davila v. Davis*, 582 U.S. 521, 527 (2017)).

Similarly, the district court ruled that the remaining claims in grounds one, two, four, five, and seven were subject to an anticipatory procedural bar. Burnett raised these claims for the first time in his habeas petition. Even though Burnett's state remedies

6

remain unexhausted, we apply an anticipatory procedural bar to "an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002). Because these claims would be subject to the same procedural bar as the rest of Burnett's post-relief claims, the district court declined to hear them.

Burnett does not argue that the OCCA's procedural rule is not independent or adequate, nor does he argue that his unexhausted claims are not barred. He seems only to argue (1) that he did attach the state trial court order and (2) that he meets the fundamental miscarriage of justice exception.

Burnett presents no evidence that he attached the trial court order, and we find none in the record. His petition-in-error submitted to the OCCA includes four attached exhibits, none of which are the trial court order. *See* R., Vol. IV at 72–102. Consistent with this, the OCCA order declining jurisdiction states that the pleading did not contain a copy of the order or sufficient records to show he sought relief in state district court. *See* R., Vol. IV at 104–06.

There are two exceptions to procedural default and anticipatory procedural bar. One of these exceptions is when "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). We have further explained that this exception is reserved for cases "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir.1999)). Because Burnett claims that his denial

7

resulted in a fundamental miscarriage of justice, and he argues actual innocence, we consider whether he meets the exception.

Burnett points to forensic evidence, juror indecisiveness, and the fact that he was acquitted on other charges to support his claim of innocence. It is unclear what forensic evidence he is pointing to, because, as he points out, DNA was not collected. Burnett claims foul play, but points to no new evidence to support his innocence. This lack of new evidence is fatal. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). We agree with the district court that Burnett failed to show cause sufficient to overcome procedural default and anticipatory procedural bar.

### C. *Actual Innocence*

To the extent that Burnett relies on actual innocence instead as a standalone ground for habeas relief, we agree with the district court that actual innocence is not alone sufficient for relief. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.").

## III.   Conclusion

For these reasons, Burnett's application for a COA is denied and this appeal is dismissed, but his motion to proceed *in forma pauperis* is granted.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge